OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

In re Application of Chapman.
[Cite as In re Application of Chapman (1994),      Ohio St. 3d    .]
Attorneys at law -- Application for admission to practice law -- Application denied when applicant fails to prove his good character and fitness to practice law -- Applicant may reapply for admission after May 1995.
(No. 93-2170 -- Submitted February 1, 1994 -- Decided April 20, 1994.)

On Report by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 97.

Frank H. Chapman II applied for admission to the practice of law and to take the bar examination. Since his residence was in Portage County at the time of application, the Admissions Committee of the Portage County Bar Association conducted the investigation into his character, fitness, and moral qualifications for admission to the practice of law. On January 26, 1993, the committee filed its report recommending approval. Applicant took and passed the February 1993 bar examination.

On March 22, 1993, the Admissions Office of the Supreme Court received a letter from Roger J. Brandt alleging that the applicant was named as a defendant in a civil action filed by the Ohio Attorney General, involving deceptive and unconscionable sales practices. On May 6, 1993, the Admissions Office received a letter and documents from Deputy Attorney General Thomas C. Merriman and Assistant Attorney General Thomas D. McQuire explaining that the Ohio Attorney General had instituted a civil action for alleged violations of the Ohio Consumer Sales Practices Act against the applicant and others, including his father, Robert Chapman. The letter explained that the applicant had entered into a consent dismissal with the Attorney General and had agreed to testify against his father. Attached to the letter were the applicant's affidavit outlining his relationship with his father's carpet and upholstery cleaning business, a copy of the second amended complaint in State ex rel. Fisher v. Chapman Co., case No. 247619, filed in the Court of Common Pleas of Cuyahoga County,

and a copy of the consent dismissal entry and order.

In the affidavit, the applicant admitted that (1) he worked for his father's carpet and upholstery cleaning business periodically between 1983 and 1991; (2) he learned about, typed and taught new employees how to implement a sales plan used by his uncle, Don Chapman, in his Florida carpet and upholstery cleaning business; (3) under the plan, salespersons who increased the amount of a quoted price to perform a job received a twenty-eight percent commission on the increased price; (4) the plan directed salespersons to estimate customers' income for the purpose of setting a higher price and offered illusory discounts; (5) technicians routinely drycleaned fabrics that did not require drycleaning, in order to increase the contract price; (6) his personal expenses, including law school tuition, were paid by the business; (7) and he transferred motor vehicles used in the business and titled in his name to fictitious corporations.

The consent dismissal stated that although he neither denied nor admitted any allegation of the complaint, the applicant (1) was permanently enjoined from certain consumer practices, including performing substandard work, "bait-and-switch" tactics and "high pressure sales techniques or tactics" prohibited by law, misrepresenting a need for special cleaning techniques, and failing to register fictitious names with the Secretary of State; (2) was to pay restitution of $2,500 and transfer to the Ohio Attorney General his interest, if any, in a boat and other motor vehicles and any other company property in which he had an interest; (3) was to keep records sufficient to establish compliance with the consent dismissal and allow the Ohio Attorney General access to the record upon twenty-four hours' notice; (4) was assessed civil penalties, including forfeiture of a certain computer system, payment of a $20,000 civil fine with $7,500 suspended; and (5) was required to testify for the Ohio Attorney General at all proceedings in the civil action.

Thereafter, the Board of Commissioners on Character and Fitness sua sponte began an investigation pursuant to Gov. Bar R. I(9)(B)(2)(e) into the applicant's character and fitness and appointed a hearing panel, which held a hearing on September 17, 1993. At the hearing, the applicant admitted having taught techniques for selling unneeded services, never having received an Internal Revenue Service form W-2 or 1099 for working in the family business, and transferring title of motor vehicles from his name to fictitious companies. He also stated that in August or September 1992, he began to believe certain aspects of the business were wrong, and he sought to dissociate himself from the business after that time.

The panel found that the applicant had failed to sustain his burden of proving good character and fitness to be admitted to the practice of law. It found his 1992 conversion "from his previous pattern of highly questionable ethical and outright illegal behavior * * * too recent to be convincing." It recommended that he not be sworn in as a member of the Bar of Ohio "until he can demonstrate that he possesses the requisite character and fitness to be admitted to practice." It stated its belief that it would take at least two years for the applicant to demonstrate this.

The board considered the panel's report on October 1, 1993.  It adopted the report by unanimous vote, except that it recommended that the applicant not be permitted to reapply for admission until February 1996, at which time he was to undergo further examination as to character, fitness, and moral qualifications.

The applicant filed objections to the findings and recommendations of the board, and a hearing was conducted before the court on February 1, 1994.

Frank H. Chapman II, pro se.

James Aylward, for the Portage County Bar Association Admissions Committee.

Per Curiam.  The court accepts the findings of the panel and board, but modifies the board's recommendation to the extent that Frank H. Chapman II may not reapply for admission to the Bar of Ohio before May 1995.  Upon reapplication he will undergo further investigation by the board, in order to determine whether he possesses the character, fitness and moral qualifications required for admission to the practice of law in Ohio.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.